ACCEPTED
15-25-00130-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/6/2025 2:41 PM
CHRISTOPHER A. PRINE
CLERK

**Cause No. 15-25-00130-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/6/2025 2:41:05 PM
CHRISTOPHER A. PRINE
Clerk

## FIFTEENTH COURT OF APPEALS

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION,**
*Appellant*,

v.

**AMY BAZAN a/k/a AMY FAIRBANK,**
*Appellee*.

_____

**On Appeal from the 353rd Judicial District Court of Travis County, Texas**
**No. D-1-GN-22-000773**

_____

## BRIEF OF APPELLANT, THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION

_____

**KEN PAXTON**
**Attorney General of Texas**

**BRENT WEBSTER**
**First Assistant Attorney General**

**RALPH MOLINA**
**Deputy First Assistant Attorney General**

**AUSTIN KINGHORN**
**Deputy Attorney General for Civil Litigation**

**October 6, 2025**

**ERNEST C. GARCIA**
**Chief, Administrative Law Division**

**TED A. ROSS**
**Assistant Attorney General**
**State Bar No. 24008890**
**Office of the Attorney General**
**P.O. Box 12548 (MC 018)**
**Austin, Texas 78711-2548**
**(512) 475-4191**
**ted.ross@oag.texas.gov**

*Attorneys for Appellant, the Texas Health and Human Services Commission*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................ 3

RECORD AND PARTY REFERENCES .......................................... 5

STATEMENT OF THE CASE ........................................................... 6

ISSUE PRESENTED FOR REVIEW.................................................. 7

STATEMENT REGARDING ORAL ARGUMENT ...................................... 7

STATEMENT OF FACTS .................................................................7

SUMMARY OF THE ARGUMENT ..................................................9

STANDARD OF REVIEW ..............................................................10

ARGUMENT....................................................................................13

I.      The Decision and Order on the abuse issue furthers the goals of the Texas Family Code and the state's interest in protecting children from physical abuse ....................................................13

II.     The Decision and Order on the abuse issue is supported by substantial evidence. ........................................................................15

CONCLUSION AND PRAYER ......................................................19

CERTIFICATE OF COMPLIANCE...............................................20

CERTIFICATE OF SERVICE.........................................................20

APPENDIX .....................................................................................21

# INDEX OF AUTHORITIES

**Cases**

*Anderson-Clayton Bros. Funeral Home, Inc. v. Strayhorn*,
  149 S.W.3d 166 (Tex. App.—Austin 2004, pet. denied)....................................13

*Bd. of Trs. of the Emps. Ret. Sys. v. Benge*,
  942 S.W.2d 742 (Tex. App.—Austin 1997, writ denied) ...................................12

*Dyer v. Tex. Comm'n on Envtl. Quality*,
  646 S.W.3d 498 (Tex. 2022) .............................................................................. 11

*Lippincott v. Whisenhunt*,
  462 S.W.3d 507 (Tex. 2015) ..............................................................................15

*R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water*,
  336 S.W.3d 619 (Tex. 2011)...............................................................................12

*Sergeant Enter., Inc. v. Strayhorn*,
  112 S.W.3d 241 (Tex. App.—Austin 2003, no pet.)...........................................12

*Tex. Comm'n on Envtl. Quality v. Maverick Cnty.*,
  642 S.W.3d 537 (Tex. 2022), *reh'g denied* (Apr. 22, 2022)................................. 11

*Tex. Health Facilities Comm'n. v. Charter Med.-Dallas, Inc.*,
  665 S.W.2d 446 (Tex. 1984)..........................................................................11, 12

**Statutes**
Tex. Fam. Code
  § 261.001(1)(C)..................................................................................................14
  § 261.002 ............................................................................................................ 6
  § 261.002(a) ........................................................................................................13
  § 261.002(b)........................................................................................................13
  § 261.005(1) ........................................................................................................13
  § 271.001(1)(c)(C)...............................................................................................18

Tex. Gov't Code
  § 531.02011(3)..................................................................................................... 6

§ 2001.174........................................................................................16

§ 2001.174(2)(A-F) .......................................................... 11

Tex. Hum. Res. Code

§ 40.066 ............................................................................. 9

§ 40.066(c) ......................................................................... 9

§ 48.406(c) .......................................................................10

**Rules**

40 Tex. Admin. Code

§ 700.455 ..........................................................................18

§ 707.455...................................................................... 15, 18

§ 707.455(b)(2) ............................................................. 14, 17

**Other**

Senate Bill 14 ................................................................. 13

## RECORD AND PARTY REFERENCES

**Parties**

HHSC:                                    Defendant/Appellant, Texas Health and Human Services Commission

Fairbank:                                Petitioner/Appellee Amy Bazan a/k/a Amy Fairbank[1]

**Administrative Record**[2]

AR at _____ (Bates stamp no.):           The HHSC Administrative Record, which is part of the Clerk's record in this appeal

**Appendix**

App. Tab ____                            The Appendix attached to this brief

## OTHER REFERENCES

**ALJ**                                  The SOAH Administrative Law Judge

**Decision and Order**                   The SOAH Administrative Law Judge's Decision and Order signed on November 22, 2021 (App. Tab 1)

**SOAH**                                 The State Office of Administrative Hearings

---

[1] Plaintiff/Appellee stated at the SOAH hearing that she preferred to go by her maiden name, Amy Fairbank. Plaintiff's brief may sometimes refer to Plaintiff as "Fairbank" and at other times to "Fairbanks" and "Bazan."

[2] The administrative record filed with the Court has been redacted to delete the names of the patients/clients in this proceeding. HHSC is willing to provide unredacted pages for in camera inspection if the Court so desires.

## STATEMENT OF THE CASE

*Nature of the Case*:

This is a suit for judicial review of a SOAH Decision and Order dated November 22, 2021, determining that Fairbank abused one of her children.

*Administrative Proceedings*:

The Department of Family and Protective Services (DFPS) placed Fairbank on the Child Abuse and Neglect Central Registry (Central Registry)[3] as a person who has abused and neglected a child. HHSC timely notified Fairbank of a due process hearing at SOAH, which was held on September 21, 2021.

*Agency Disposition*:

The SOAH Decision and Order found that Fairbank abused one of her children and ordered that Fairbank's name be maintained on the Central Registry based on that finding. The Decision and Order further found that the determination that Fairbank neglected a child was not proven and ordered that HHSC remove Fairbank's name from the Central Registry with respect to the neglect findings.

*District Court Disposition:*

After briefing and oral argument, the Travis County District Court reversed the Decision and Order in a Final Judgment signed on July 17, 2025. App. Tab 2.

---

[3] The Child Abuse and Neglect Central Registry is a registry of substantiated cases of child abuse or neglect maintained by DFPS. Tex. Fam. Code § 261.002. The regulatory functions related to childcare set forth in chapter 42 of the Texas Human Resources Code, including background checks, were transferred to HHSC effective September 1, 2017. Tex. Gov't Code § 531.02011(3) (now expired). HHSC is now the agency responsible for checking the Central Registry as part of the background check process and providing a person whose name is on the registry with the opportunity for a due process hearing.

## ISSUE PRESENTED FOR REVIEW

Are the findings and conclusions in the SOAH Order supported by substantial evidence?

## STATEMENT REGARDING ORAL ARGUMENT

HHSC does not request oral argument in this appeal because the factual issues are straightforward and the legal issues have previously been addressed by the courts. However, HHSC requests the opportunity to present oral argument if the Court otherwise determines that oral argument is warranted.

## STATEMENT OF FACTS

On July 26, 2017, the Texas Department of Family and Protective Services (DFPS) received an intake report concerning allegations that Fairbank abused one of her children. AR 4; 123-125; App. Tab 1 (Decision and Order).[4] It was reported that Fairbank struck one of her children (Child 1), causing her leg to bleed. AR 81, 123. At the time of the report, Child 1 was 6 years old. AR 123.

DFPS Child Protective Services (CPS) investigator Andrew Chestnut investigated the allegation and concluded that Fairbank physically abused one of her children, Child 1. AR 7, 10, 125, 131. Fairbank's two children made outcry statements to the amicus attorney, Cynthia Kent. AR 65, 66, 124. Child 2, who was 9 years old

---

[4] Subsequent references to the Decision and Order will be to the bates labeled page(s) in the record.

at the time, told Ms. Kent that Fairbank had spanked her sister with a fly swatter, hitting her sister's leg and causing her sister's leg to bleed. AR 81, 124. Child 2 also stated that on multiple occasions Fairbank would hit Child 1 and leave purple marks on her legs. AR 66, 124. Child 1 also told Ms. Kent that Fairbank recently spanked her, and it made blood marks. AR 79, 125.

The Children's father confirmed that Fairbank had hit Child 1 on the leg causing her to bleed in four spots on her leg. AR 81, 124. A certified forensic interviewer confirmed the fact that Fairbank spanked Child 1 with a fly swatter, and it left a big purple mark. AR 61, 124-125. And Fairbank herself admitted that she struck Child 1 with a broken fly swatter and that it cut Child 1, and that she hit Child 1 this way because Child 1 had flooded the bathroom floor. AR 61, 124, 125. The fly swatter left a mark on the child's leg and caused a partial skin break. AR 10, 61, 125. The amicus attorney also concluded that Fairbank is struggling with physically abusing her children. AR 86, 124.

Based on the foregoing, the investigator concluded that Fairbank abused Child 1. AR 7, 10, 125, 131.

A due process contested case hearing pursuant to Texas Human Resources Code section 40.066 was held at SOAH on September 22, 2021, via Zoom. AR 132, COL 3. After hearing the evidence, the ALJ affirmed the finding of physical abuse

8

and reversed the finding of neglect in a Decision and Order signed on November 22, 2021.[5]

Fairbank filed a motion for rehearing on December 13, 2021, regarding the physical abuse finding. The motion was denied in an order signed by the ALJ on January 14, 2022. AR 146.

Fairbank filed a suit for judicial review of the Decision and Order in a Travis County District Court on February 11, 2022. After briefing and oral argument, the district court reversed the Decision and Order. HHSC then timely commenced this appeal. CR 80-85.

## SUMMARY OF THE ARGUMENT

This appeal involves a traditional suit for judicial review. The SOAH ALJ's findings of abuse were supported by substantial evidence—a standard which the district court completely ignored. There is more than substantial evidence in the record that Fairbank abused her child, thus warranting her placement on the Child Abuse and Neglect Central Registry.

In reversing the SOAH Decision and Order (SOAH Order), the district court ignored the substantial evidence and substituted its judgment for the judgment of the

_____

[5] Section 40.066 of the Texas Human Resources Code provides that the ALJ shall make the final decision in a proceeding involving physical abuse to a child. Tex. Hum. Res. Code § 40.066(c).

state agency on the weight of the evidence. Questions of weight are committed to the agency's discretion and the district court improperly usurped the agency's authority as the trier of fact. This Court should reverse the district court's judgment and affirm the SOAH Order because the evidence in the record supports the finding of abuse.

**STANDARD OF REVIEW**

Judicial review of SOAH's order is subject to the substantial evidence standard under the Texas Administrative Procedure Act (APA), Texas Government Code section 2001.174. Tex. Hum. Res. Code § 48.406(c) ("Judicial review of the order: . . . is instituted by filing a petition by Subchapter G, Chapter 2001, Government Code"). A court may affirm the agency decision in whole or in part, or the APA provides six grounds, subsections (A)–(F), for reversing or remanding an agency decision for further proceedings:

> [I]f substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (A) in violation of a constitutional or statutory provision;
>
> (B) in excess of the agency's statutory authority;
>
> (C) made through unlawful procedure;
>
> (D) affected by other error of law;
>
> (E) not reasonably supported by substantial evidence

considering the reliable and probative evidence in the record

as a whole; or

(F) arbitrary or capricious or characterized by abuse of

discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code § 2001.174(2)(A-F).

"In conducting (a substantial evidence review, a court 'may not substitute its judgment for the judgment of the state agency on the weight of the evidence.'" *Dyer v. Tex. Comm'n on Envtl. Quality*, 646 S.W.3d 498, 514 (Tex. 2022) (quoting Tex. Gov't Code § 2001.174). A court "must uphold the agency's ultimate decision if the evidence 'is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action.'" *Dyer*, 646 S.W.3d at 514 (quoting *Tex. Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446, 453 (Tex. 1984)). "We ask 'not whether the agency's decision is correct, but whether the record demonstrates a reasonable basis for it.'" *Tex. Comm'n on Envtl. Quality v. Maverick Cnty.*, 642 S.W.3d 537, 547 (Tex. 2022), *reh'g denied* (Apr. 22, 2022). "The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise." *Id.* "Although substantial evidence is more than a mere scintilla, the evidence in the record actually may preponderate against the

decision of the agency and nonetheless amount to substantial evidence." *Charter Med.–Dallas, Inc.*, 665 S.W.2d at 452 (internal citations omitted). In addition, a reviewing court may uphold an agency action based on any legal basis shown in the record. *Bd. of Trs. of the Emps. Ret. Sys. v. Benge*, 942 S.W.2d 742, 744 (Tex. App.—Austin 1997, writ denied).

In reviewing questions of statutory construction, the courts give "serious consideration" to an agency's interpretation of a statute that it is charged with enforcing. *R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 625 (Tex. 2011). "In ascertaining the scope of an agency's authority, a reviewing court gives great weight to the contemporaneous construction of a statute by the administrative agency charged with its enforcement, and recognizes that the legislature intends an agency created to centralize expertise in a certain regulatory area 'be given a large degree of latitude in the methods it uses to accomplish its regulatory function.'" *Sergeant Enter., Inc. v. Strayhorn*, 112 S.W.3d 241, 246 (Tex. App.—Austin 2003, no pet.). "If the agency's interpretation is consistent with the language and the purposes of the statute, the court will accept it, even if other

reasonable interpretations exist." *Anderson-Clayton Bros. Funeral Home, Inc. v. Strayhorn*, 149 S.W.3d 166, 178 (Tex. App.—Austin 2004, pet. denied).[6]

## ARGUMENT

**I.** **The Decision and Order on the abuse issue furthers the goals of the Texas Family Code and the state's interest in protecting children from physical abuse.**

The central purpose of Chapter 261 of the Texas Family Code is to protect children by ensuring that reports of suspected abuse or neglect are made and investigated promptly. The law establishes a broad and immediate duty for all citizens to report suspected child abuse or neglect. To that end, Chapter 261 directs the Texas Department of Family and Protective Services (DFPS) to establish and maintain a central registry of the names of individuals found by the department to have abused or neglected a child. Tex. Fam. Code § 261.002(a). Chapter 261 also directs the DFPS executive commissioner[7] to adopt rules necessary to carry out the requirements of the Central Registry. Tex. Fam. Code § 261.002(b).

---

[6] Senate Bill 14, signed into law on April 25, 2024, amended the Texas Government Code to explicitly state that Texas courts are not required to give deference to a state agency's legal determination regarding the construction, validity, or applicability of the law or a rule. However, Courts are still not prohibited from giving consideration to a state agency's legal determination.

[7] Unless otherwise provided, a reference in Chapter 261 to the executive commissioner or the executive commissioner of the HHSC means the commissioner of the DFPS. Tex. Fam. Code § 261.005(1).

Section 261.001(1)(C) of the Texas Family Code defines "abuse" as:

(C) physical injury that results in substantial harm to the child, or the genuine threat of substantial harm from physical injury to the child, including an injury that is at variance with the history or explanation given and excluding an accident or reasonable discipline by a parent, guardian, or managing or possessory conservator that does not expose the child to a substantial risk of harm;

Tex. Fam. Code § 261.001(1)(C).

"Physical injury that results in substantial harm to the child" means "real and significant physical injury or damage to a child," and that includes but is not limited to:

(A) Any of the following, if caused by an action of the alleged perpetrator directed toward the alleged victim: **substantial or frequent skin bruising; substantial cuts, welts, lacerations**, or pinch marks; skull or other bone fractures; damage to cartilage; brain damage; subdural hematoma; **soft tissue swelling**; impairment of or injury to any bodily organ or function; any other internal injury otherwise not specified; permanent or temporary disfigurement; burns; scalds; **wounds,** including puncture wounds; bite marks; causing or permitting a child to consume or inhale a poisonous or noxious substance that has the capacity to interfere with normal physiological functions; exposing a child to dangerous chemicals; starvation; concussions; dislocations; sprains; subjecting a child to Munchausen syndrome by proxy or a fictitious illness by proxy if the incident is confirmed by medical personnel; death; or any other cruel act that causes pain or suffering to the child.

40 Tex. Admin. Code § 707.455(b)(2) (emphasis added).

Chapter 261 and Rule 707.455 are plain and unambiguous, and for that reason Texas courts interpret the statute according to their plain meaning. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015).

The unambiguous language of the statue and rule furthers the interests of Texas citizens by protecting their children from physical abuse, and it is from that perspective the Court should view the substantial evidence in this case.

## II.     The Decision and Order on the abuse issue is supported by substantial evidence.

Here, Fairbank's actions—supported by more than substantial evidence—fall squarely within the definitions of abuse and physical injury to a child. In that regard, the SOAH ALJ found that

> 4. In April 2017, Petitioner (Fairbank) struck Child 1 with a broken fly swatter because Child 1 flooded the floor in the bathroom.
>
> 5. Child 1's leg bled and was bruised due to Petitioner (Fairbank) striking her with the broken fly swatter. Child 1's leg was bloody in four places. This was more than minor temporary marks.
>
> 6. Petitioner (Fairbank) struck Child 1 with the fly swatter as a form of discipline.
>
> 7. Striking Child 1 with the fly swatter and causing bleeding and bruising was not reasonable discipline.

AR (SOAH Order) 119-133.

These findings are important because they require placement on central registry, which is a database used to filter people with a history of abuse and neglect from working in regulated child care, including foster and adoption under chapter 42 of the Human Resources Code and other applicable prohibitions under federal and state law. The findings do not violate the substantial rights of the appellant; are not in violation of a constitutional or statutory provision; are not in excess of the agency's statutory authority; are not made through unlawful procedure; are not affected by other error of law; are clearly and undisputedly supported by substantial evidence, considering the reliable and probative evidence in the record as a whole; and are in no way arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *See* Tex. Gov't Code § 2001.174.

It is clear that substantial evidence supports the ALJ's findings listed above. DFPS received a report that Fairbank struck one of her children (Child 1, who was six years old), causing her leg to bleed. DFPS Child Protective Services (CPS) investigator Andrew Chestnut investigated the allegation and concluded that Fairbank physically abused one of her children, Child 1. Fairbank's two children made outcry statements to the amicus attorney, Cynthia Kent. Child 2, who was 9 years old at the time, told Ms. Kent that Fairbank had spanked her sister with a fly swatter, hitting her sister's leg and causing her sister's leg to bleed. Child 2 also

stated that on multiple occasions that Fairbank would hit her and leave purple marks on her legs. Child 1 also told Ms. Kent that Fairbank recently spanked her, and it made blood marks.

In addition, the Children's father confirmed that Fairbank had hit Child 1 on the leg causing her to bleed in four spots on her leg. A certified forensic interviewer also confirmed the fact that Fairbank spanked Child 1 with a fly swatter, and it left a big purple mark.

Indeed, even Fairbank herself admitted that she struck Child 1 with a broken fly swatter, that it cut Child 1, leaving a mark on the child's leg and causing a partial skin break, and that she struck the child because Child 1 had flooded the bathroom floor.

It is also noteworthy that the amicus attorney concluded that Fairbank is struggling with physically abusing her children.

Causing a child to bleed and bruise falls squarely into the list of examples of forms of abuse pursuant to the Texas Administrative Code. The record substantial evidence demonstrates that Child 1 suffered a physical injury as a direct result of Fairbank's actions, particularly "substantial or frequent skin bruising; substantial cuts or welts or lacerations, permanent or temporary disfigurement; burns; scalds; wounds." 40 Tex. Admin. Code § 707.455(b)(2).

Fairbank will argue that the abuse of Child 1 was in fact reasonable discipline. To the contrary, reasonable discipline is the correction of a child's behavior which does not create a risk of substantial harm from physical injury. 40 Tex. Admin. Code § 707.455. [8] *See also* Tex. Fam. Code § 271.001(1)(c)(C). The law further provides that discipline should be reasonable and moderate in degree. Hitting a child with a fly swatter and causing that child to bleed and bruise is not moderate in degree. And reasonable discipline does not include an act that is likely to cause or causes injury more serious than transient pain or minor temporary marks. 40 Tex. Admin. Code § 707.455.

As noted above, in applying the substantial evidence test to an agency's decision, the reviewing court is prohibited from substituting its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion. This is precisely what the district court did, i.e., reweighed the evidence and ignored the substantial record evidence showing abuse in order to reverse the agency decision.

---

[8] The ALJ refers to 40 Tex. Admin. Code § 700.455 in the SOAH Order. That rule clarified the definition of physical abuse in effect at the time the abuse occurred in this case. The rule was adopted to be effective in April 2016 and repealed in 2020, at which point the clarifying definitions of abuse and neglect were codified in 40 Tex. Admin. Code § 707.455.

**CONCLUSION AND PRAYER**

Affirmance of the district court's judgment would be tantamount to sanctioning that court's flagrant disregard for the well-established substantial evidence standard of review. Thus, for the reasons stated herein, HHSC respectfully requests this Court to reverse the district court's judgment and affirm the Decision and Order in all respects.

Dated:      October 6, 2025

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Ted A. Ross*
Ted A. Ross
Assistant Attorney General
State Bar No. 24008890
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548

Austin, Texas 78711-2548
Telephone: (512) 475-4191
Email: ted.ross@oag.texas.gov

***Attorneys for Appellant, Texas Health and Human Services Commission***

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2)(B), this brief contains 2,707 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

*/s/ Ted A. Ross*
Ted A. Ross
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing document has been served on the 6th day of October 2025 to the following counsel:

Prema Autry                                    ***via e-Service***
Texas State Bar No. 24082357
223 S. Bonner Ave.
Tyler, Texas 75702
T: (903) 705-7211
F: (903) 705-7221
pautry@laddtxlaw.com
***Attorney for Appellee,***
***Amy Bazan a/k/a Amy Fairbank***

*/s/ Ted A. Ross*
Ted A. Ross
Assistant Attorney General

# APPENDIX

App. Tab 1 – 11/22/2021 Decision and Order

App. Tab 2 -7/17/25 Judgment

# APP. TAB 1

# 11/22/2021 Decision and Order



# CONFIDENTIAL

FILED
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
11/22/2021 10:49 AM
STATE OFFICE OF
ADMINISTRATIVE HEARINGS
Jessie Harbin, CLERK

ACCEPTED
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
11/22/2021 10:57:41 am
STATE OFFICE OF
ADMINISTRATIVE HEARINGS
Jessie Harbin, CLERK

# State Office of Administrative Hearings

Kristofer S. Monson
Chief Administrative Law Judge

November 22, 2021

Cecile Young                                              **VIA EFILE TEXAS**
Executive Commissioner
Texas Health and Human Services Commission
4900 North Lamar Avenue, 4th Floor
Austin, Texas 78751

> **RE:   SOAH Docket No. 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.FPS; A.B. v. Texas Health and Human Services Commission**

Dear Commissioner Young:

Please find enclosed a Decision and Order in this case. Motions for rehearing may be filed with the State Office of Administrative Hearings in accordance with Texas Gov't Code § 2001.146.

Sincerely,

Rachael Airen
Administrative Law Judge

RA/sp
Enclosure

xc:    Jennifer Kilibarda, Legal Assistant Legal Services – Administrative Process Unit, Mail Code Y-956, P.O. Box 149030, Austin, TX 78714-9030 - **VIA EFILE TEXAS**
Jennifer Grayson, Staff Attorney, Texas Health and Human Services Commission, P.O. Box 149030, Mail Code Y-956, Austin, TX 78714-9030 – **VIA EFILE TEXAS**
Norman Ladd, III, Petitioner Attorney, 223 South Bonner Ave., Tyler, Texas 75702 – **VIA EFILE TEXAS**

P.O. Box 13025 Austin, Texas 78711-3025 | 300 W. 15th Street Austin, Texas 78701
Phone: 512-475-4993 | www.soah.texas.gov

000119

**CONFIDENTIAL**
**Pursuant to Tex. Hum.**
**Res. Code § 40.005**

SOAH DOCKET NO. 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.FPS

| | | |
|---|---|---|
| AMY BAZAN,<br>     **Petitioner** | §<br>§<br>§ | **BEFORE THE STATE OFFICE** |
| **v.** | §<br>§ | **OF** |
| **TEXAS HEALTH AND HUMAN**<br>**SERVICES COMMISSION,**<br>     **Respondent** | §<br>§<br>§<br>§ | **ADMINISTRATIVE HEARINGS** |

## DECISION AND ORDER

Amy Bazan[1] (Petitioner) requested a hearing to contest findings by the Texas Department of Family and Protective Services (DFPS) that she abused her daughter (Child 1) and neglected both daughters (Child 1 and Child 2), collectively referred to as the Children.[2] The Administrative Law Judge (ALJ) finds that the evidence presented by the Texas Health and Human Services Commission (HHSC)[3] was sufficient to support DFPS's findings that Petitioner abused Child 1 and was insufficient to support DFPS's findings that Petitioner neglected the Children. Therefore, Petitioner's name shall be maintained on the central registry in reference to the abuse finding but shall not be maintained on the central registry in reference to the neglect finding.

---

[1] Petitioner preferred to go by her maiden name F████ during the hearing.

[2] For the purposes of confidentiality, the Children involved in this case will be referred to individually as Child 1 and Child 2.

[3] Although the DFPS continues to maintain the central registry, the regulatory functions related to childcare set forth in chapter 42 of the Texas Human Resources Code, including background checks, were transferred to HHSC effective September 1, 2017. Tex. Gov't Code § 531.02011(3). Therefore, after September 1, 2017, HHSC is the agency responsible for checking the central registry as part of the background check process and providing a person whose name is on the central registry with the opportunity for a due process hearing.

**CONFIDENTIAL**
**Pursuant to Tex. Hum.**
**Res. Code § 40.005**

## I.  JURISDICTION, NOTICE, AND PROCEDURAL HISTORY

Notice, venue, and jurisdiction were not contested and are addressed only in the Findings of Fact and Conclusions of Law.

On September 22, 2021, a hearing convened by telephone before ALJ Rachael Airen with the Dallas office of the State Office of Administrative Hearings (SOAH). Petitioner appeared at the hearing and was represented by attorney Norman Ladd. HHSC appeared through attorney Jennifer Grayson. The record closed on September 22, 2021.

## II.  APPLICABLE LAW

The Texas Family Code requires DFPS to maintain a central registry of the names of persons found by DFPS to have abused or neglected a child.[4] HHSC searches this central registry as part of a background check of persons who work or are applying to work around children, who are seeking to adopt or provide foster care, or who otherwise require a background check under the laws that pertain to HHSC's regulation of childcare operations.

Upon receiving an allegation of abuse or neglect, DFPS conducts an investigation using the definitions found in the Texas Family Code and applicable rules and completes a written report.[5] A person found to have neglected or abused a child may contest the finding through a due process hearing.[6] If an ALJ determines that the preponderance of the evidence supports the finding of abuse or neglect, the ALJ will uphold DFPS's finding, and HHSC may release the abuse or neglect finding to outside parties.

---

[4]  Tex. Fam. Code § 261.002(a). All citations in this Decision and Order are to the substantive provisions in effect at the time the alleged incidents occurred. The current version of the procedural rules is cited.

[5]  Tex. Fam. Code §§ 261.001, .301, .308.

[6]  40 Tex. Admin. Code (TAC) § 745.8831 *et seq.*

CONFIDENTIAL
Pursuant to Tex. Hum.
Res. Code § 40.005

Pursuant to Texas Family Code § 261.001(1)(C), "abuse" is defined as the following acts or omissions:

> [P]hysical injury that results in substantial harm to the child, or the genuine threat of substantial harm from physical injury to the child, including injury that is at variance with the history or explanation given and excluding an accident or reasonable discipline by a parent, guardian, or managing or possessory conservator that does not expose the child to a substantial risk of harm[.]

The Texas Administrative Code further elaborates on the definition of abuse by defining the following:

> (6)    "Physical injury that results in substantial harm to the child" means real and significant physical injury or damage to a child that includes but is not limited to:
>
>> (A)    Any of the following, if caused by an action of the alleged perpetrator directed toward the alleged victim: substantial or frequent skin bruising; substantial cuts, welts, lacerations, or pinch marks…or any other cruel act that causes pain or suffering to the child.
>
> (7)    "Reasonable discipline" means discipline that is reasonable in manner and moderate in degree; does not constitute cruelty, reckless behavior, or grossly negligent behavior; and is administered for purposes of restraining or correcting the child. It shall not include an act that is likely to cause or causes injury more serious than transient pain or minor temporary marks. The age, size, and condition of the child; the location of the injury; and the frequency or recurrence of injuries shall be considered when determining whether the discipline is reasonable and moderate.
>
> . . . .
>
> (9)    "Substantial risk" means a real and significant possibility or likelihood.[7]

Pursuant to Texas Family Code Chapter 261.001(4)(A)(ii)(a), "neglect" is defined as:

> [P]lacing a child in or failing to remove a child from a situation that a reasonable person would realize requires judgment or actions beyond the child's level of maturity, physical condition, or mental abilities and that results in bodily injury or a substantial risk of immediate harm to the child[.]

---

[7] 40 TAC § 700.455.

CONFIDENTIAL
Pursuant to Tex. Hum.
Res. Code § 40.005

Further, a person responsible for a child's care, custody or welfare includes a parent, guardian, managing or possessory conservator or foster parent of the child.[8]

The purpose of this hearing is to determine whether Petitioner abused and neglected a child within the definitions above. HHSC has the burden of proving that the findings of abuse and neglect should be upheld.[9]

## III. EVIDENCE

HHSC submitted two exhibits and called witness Andrew Chestnut, a Child Protective Services (CPS) investigator with DFPS. Petitioner testified on her own behalf and submitted no exhibits.

### A. Abuse Finding

#### 1. HHSC's Evidence

##### a. Investigative Report

On July 26, 2017, DFPS received an intake report concerning Petitioner (mother) abusing the Children.[10] It was reported that Petitioner had spanked the Children and left bruises on them.[11] It was further reported that Petitioner struck Child 1 causing her leg to bleed. At the time of the report, Child 1 and Child 2 were 6 years old and 9 years old, respectively.

---

[8] Tex. Fam. Code § 261.001(5)(A)

[9] 1 TAC § 155.427.

[10] HHSC Ex. 2 at 4.

[11] HHSC Ex. 2 at 10.

CPS investigator Andrew Chestnut investigated the allegation and concluded that Petitioner physically abused Child 1. For his investigation, Mr. Chestnut interviewed both parents, reviewed the amicus attorney report and listened to the Children's forensic interviews. The Children made outcry statements to the amicus attorney, Cynthia Kent.[12] Child 2 told Ms. Kent that Petitioner had spanked her sister with a fly swatter, hitting her sister's leg and causing her sister's leg to bleed.[13] Child 2 also stated that on multiple occasions Petitioner would hit her and leave purple marks on her legs. Child 1 told Ms. Kent that Petitioner recently spanked her, and it made blood marks.[14] Ms. Kent interviewed the Children's father, R███ B███ and he confirmed Petitioner had hit Child 1 on the leg causing her to bleed in four spots on her leg. However, Mr. Bazan did not witness the incident but stated Petitioner told him about it afterwards. Mr. Bazan told Ms. Kent that the incident occurred around April 2017. Ms. Kent interviewed Petitioner and she admitted hitting Child 1 with a broken fly swatter and that it cut Child 1. According to the Children, Petitioner had hit them on several occasions causing bruising. The amicus attorney concluded that Petitioner is struggling with physically abusing her children.

On August 4, 2017, the Children were forensically interviewed.[15] Child 2 stated to Jennifer Kelly, a certified forensic interviewer, that her mother spanked Child 1 with a fly swatter, and it left a big purple mark.[16]

As part of his investigation, Mr. Chestnut, interviewed both parents. Petitioner admitted to Mr. Chestnut, that she struck Child 1 with a broken fly swatter because Child 1 had flooded the

---

[12] During the CPS investigation there was a pending divorce between Petitioner and R███ B███ (father) and as part of the pending divorce the court appointed Guardian ad Litem/ amicus attorney, Cynthia Kent. Cynthia Kent conducted interviews of the children and both parents.

[13] HHSC Ex. 2 at 42.

[14] HHSC Ex. 2 at 44.

[15] HHSC Ex. 2 at 24-25.

[16] HHSC Ex. 2 at 25.

**CONFIDENTIAL**
**Pursuant to Tex. Hum.**
**Res. Code § 40.005**

bathroom floor. She stated that the fly swatter left a mark on the child's leg and caused a partial skin break.[17] Based on his investigation Mr. Chestnut concluded that Petitioner abused Child 1.

### b.     Mr. Chestnut's Testimony

Mr. Chestnut testified that he conducted the investigation into the allegations of abuse and neglect of the Children. Mr. Chestnut believed that the abuse finding was appropriate. He said Child 1 sustained injuries when Petitioner hit Child 1 with the fly swatter. The Children provided consistent statements that Petitioner had spanked Child 1 with a broken fly swatter which caused Child 1's leg to bleed. According to Mr. Chestnut, the Children appeared credible and provided consistent statements.

### 2.     Petitioner's Testimony

Petitioner testified that she spanked Child 1 with a broken fly swatter; however, she adamantly denied that it broke the skin or caused Child 1 to bleed. Petitioner did not recall if striking Child 1 left a bruise on her leg. She further testified that she has spanked Child 1 with a fly swatter on multiple occasions and used this as a form of discipline. Regarding the incident that occurred around April 2017, Petitioner testified that it was bath time and Child 1 had flooded the floor in the bathroom; therefore, she disciplined Child 1 by spanking her with a broken fly swatter. Petitioner believed that spanking Child 1 with a broken fly swatter was reasonable discipline.

---

[17]  HHSC Ex. 2 at 26.

**CONFIDENTIAL**
**Pursuant to Tex. Hum.**
**Res. Code § 40.005**

### B.     Neglect Finding

#### 1.     HHSC Evidence

##### a.     Investigative Report

On July 26, 2017, DFPS received an intake report concerning Petitioner neglecting the Children. Mr. Chestnut investigated the neglect allegations. He interviewed both parents, reviewed amicus attorney report and listened to the Children's forensic interview. Petitioner admitted to Mr. Chestnut that she told the Children to bring her a beer. Petitioner denied drinking frequently in the presence of the Children or that she is alone while intoxicated with the Children. Mr. Bazan stated to Mr. Chestnut that he has concerns about Petitioner's drinking and her being around the Children. Also, he stated that Petitioner has a temper when drinking but gave no further elaboration or examples. Mr. Bazan never mentioned an incident involving a picture frame to either Mr. Chestnut or Ms. Kent.

As part of his investigation, Mr. Chestnut reviewed Ms. Kent's report. Ms. Kent interviewed the parents and the Children. Mr. Bazan told Ms. Kent that Petitioner would drink and then cuss and yell at him and the Children.[18] The Children disclosed to Ms. Kent that Petitioner drinks alcohol often. The Children also disclosed to Ms. Kent that the Petitioner threw a picture frame at the wall almost hitting Child 1. Child 2 told Ms. Kent that Petitioner threw the picture frame after drinking and getting angry. Based on her interviews Ms. Kent was concerned about Petitioner's drinking and physical abuse of the children.

Both Children stated in the forensic interview that Petitioner threw a picture frame that almost hit Child 1, but neither stated that this occurred while Petitioner was intoxicated. Child 1

---

[18] HHSC Ex. 2 at 46.

**CONFIDENTIAL**
**Pursuant to Tex. Hum.**
**Res. Code § 40.005**

stated she brought Petitioner a refill of beer. Child 2 also stated in the forensic interview that Petitioner drinks alcohol but does not know how often Petitioner drinks.

Based on his investigation, Mr. Chestnut determined that the neglect finding against Petitioner was appropriate. HHSC alleges that by drinking to the point of intoxication while caring for the Children the Petitioner placed them in a situation beyond the children's level of maturity, of maturity, physical condition, or mental abilities, resulting in bodily injury or a substantial risk of immediate harm.[19] HHSC argues Petitioner placed the Children in harm's way by consuming alcohol, which impaired her mental and physical capabilities.

### b.     Mr. Chestnut's Testimony

Mr. Chestnut testified that Petitioner was under the influence in the presence of the children and that put the Children in substantial harm. Mr. Chestnut testified that he believed Petitioner was alone with the Children when she drank because Child 1 stated in the forensic interview that she had brought her mother a beer and he interpreted that to mean that Petitioner was alone with the Children. Mr. Chestnut further testified that he did not have any evidence that the Children were alone when Petitioner drank alcohol. He also did not have any evidence that she was intoxicated. Mr. Chestnut testified that he concluded that Petitioner was intoxicated in the presence of the Children from the forensic interviews with the Children and his personal interview with Mr. Bazan. Mr. Chestnut acknowledges that Mr. Bazan and Petitioner were going through a divorce and custody battle during the time period that the alleged events occurred.

### 2.     Petitioner's Testimony

Petitioner testified that she did drink alcohol in the presence of the Children. However, Petitioner denied drinking and getting intoxicated while alone with the Children. She denied being

---

[19]  HHSC Ex. 1 at 6.

CONFIDENTIAL
Pursuant to Tex. Hum.
Res. Code § 40.005

angry and aggressive when drinking alcohol. Petitioner denied excessive drinking or drinking to the point of intoxication. During her testimony, she admitted to throwing objects at Mr. Bazan while drinking and arguing with Mr. Bazan with the Children present. Petitioner testified that she was not required by the court to attend any treatment program or substance abuse program.

## IV.  ANALYSIS

### A.      HHSC proved that Petitioner abused Child 1.

HHSC proved by a preponderance of the evidence that Petitioner abused Child 1. Pursuant to Texas Family Code §261.00l(l)(C), abuse occurs when a person acts in a manner, excluding reasonable discipline or accident, causing a physical injury to a child that results in substantial harm or the risk of substantial harm. It is undisputed that Petitioner struck Child 1 with a broken fly swatter during April 2017. A preponderance of the evidence shows that when Petitioner hit Child 1 with the fly swatter she caused substantial harm—causing Child 1's leg to bleed and bruise.

The children consistently reported that Petitioner hit Child 1 with a fly swatter, and it caused Child 1 to bleed and bruise. Child 2 disclosed to Ms. Kent that Petitioner spanked Child 1 so bad it caused Child 1 to bleed and cut Child's 1 leg.[20] Child 1 told Ms. Kent that Petitioner spanked her and it made her bleed.  Further, Petitioner admitted to the CPS investigator that she spanked Child 1 with the fly swatter and it caused partial skin breaking from contact with the fly swatter. Petitioner admitting partial skin breaking corroborates Child's 2 description of the incident. Despite Petitioner's later denial at the hearing, the preponderance of the evidence shows that Petitioner hit Child 1 with a fly swatter causing Child 1 to bleed and bruise.

---

[20]  HHSC at 42.

000128

CONFIDENTIAL
Pursuant to Tex. Hum.
Res. Code § 40.005

Hitting Child 1 with the broken fly swatter was not an accident. Petitioner admitted that she spanks the Children with a fly swatter as a form of discipline. She also admitted intentionally hitting Child 1 with the fly swatter because Child 1 flooded the bathroom.

Hitting Child 1 with the broken fly swatter was not reasonable discipline. Reasonable discipline is the correction of a child's behavior which does not create a risk of substantial harm from physical injury. [21] The law states the discipline should be reasonable and moderate in degree. Hitting a child with a fly swatter and causing that child to bleed and bruise is not moderate in degree. Further the law states, reasonable discipline does not include an act that is likely to cause or causes injury more serious than transient pain or minor temporary marks.[22] The Children stated that Child 1's leg bled and Child 1 stated that there was a bruise on her leg. A bruise is more than a temporary minor mark. Petitioner testified she believed spanking Child 1 with a broken fly swatter was reasonable discipline. But the law provides that causing injury to a child is not reasonable discipline and causing a child to bleed is an injury. In this case the evidence shows the discipline was not reasonable.

In short, causing a child to bleed and bruise falls squarely into the list of examples of forms of abuse pursuant to the Texas Administrative Code. Child 1 suffered a physical injury by the actions of the Petitioner. Therefore, the preponderance of the credible evidence supports a finding that Petitioner abused Child 1. Petitioner's name should be maintained on the central registry as a person having abused a child.

**B.      HHSC failed to prove that Petitioner neglected the Children.**

HHSC failed to establish by a preponderance of the evidence that Petitioner neglected the Children. The evidence fails to show that Petitioner was intoxicated to the point that she placed

---

[21]  40 TAC § 700.455.

[22]  40 TAC § 700.455.

CONFIDENTIAL
Pursuant to Tex. Hum.
Res. Code § 40.005

the Children in a situation beyond their level of maturity, physical condition, or mental abilities. HHSC failed to establish that Petitioner's intoxication placed her children in a situation that a reasonable person would realize requires judgment or actions beyond the children's level of maturity, physical condition, or mental abilities. There is no evidence that Petitioner was intoxicated around the children. Petitioner admits to having a beer in the presence of the children and she admits asking Child 1 to bring her a beer. This does not rise to the level of neglect. Petitioner admits to having beer in the presence of the Children along with Mr. Bazan being present. Neither child stated that Petitioner was intoxicated with them alone. Petitioner testified Mr. Bazan is present when she has a beer around the Children. Mr. Chestnut assumed based on the forensic interviews that Petitioner was intoxicated alone with the Children. Drinking a beer or two in the presence of your children is not illegal and does not prove intoxication. There is insufficient evidence to demonstrate intoxication.

Second, HHSC failed to establish that Petitioner's drinking around the Children resulted in bodily injury or substantial risk of immediate harm to the Children. The ALJ acknowledges that, in a single instance the Petitioner got angry with the father and threw objects. However, there is no actual evidence that this caused a substantial risk of immediate harm or injury to the Children.

Having reviewed all the evidence, the ALJ finds that Petitioner did not neglect Child 1 or Child 2. Petitioner's name should not be maintained on the central registry as a person having neglected a child.

## V. FINDINGS OF FACT

1. Amy Bazan (Petitioner) is the mother of Child 1 and Child 2, collectively the Children, who were 6 years old and 9 years old, respectively, in July 2017.

2. On July 26, 2017, the Texas Department of Family and Protective Services (DFPS) received a referral regarding the Children.

3. In 2017, Petitioner was involved in a contentious custody dispute over the Children with her husband, R███ B███

000130

4.   In April 2017, Petitioner struck Child 1 with a broken fly swatter because Child 1 flooded the floor in the bathroom.

5.   Child 1's leg bled and was bruised due to Petitioner striking her with the broken fly swatter. Child 1's leg was bloody in four places. This was more than minor temporary marks.

6.   Petitioner struck Child 1 with the fly swatter as a form of discipline.

7.   Striking Child 1 with the fly swatter and causing bleeding and bruising was not reasonable discipline.

7.   Petitioner drank alcohol in the presence of the Children and Mr. Bazan.

8.   A preponderance of the evidence fails to show that Petitioner was intoxicated while alone with the Children.

9.   A preponderance of the evidence fails to show the Children were left in a situation that a reasonable person would realize requires judgment or actions beyond the child's level of maturity, physical condition, or mental abilities and that results in bodily injury or a substantial risk of immediate harm to the child.

10.  DFPS investigated the allegations and notified Petitioner that it had determined that she abused Child 1 and neglected the Children.

11.  DFPS placed Petitioner's name on its central registry as a person who had abused and neglected a child.

12.  DFPS notified Petitioner of her right to a due process hearing.

13.  Petitioner timely requested a hearing.

14.  The Texas Health and Human Services Commission (HHSC) sent its notice of hearing to Petitioner on January 28, 2021. The notice contained a statement of the time, place, and nature of the hearing; a statement of the legal authority and jurisdiction under which the hearing was to be held; a reference to the particular sections of the statutes and rules involved; and either a short, plain statement of the factual matters asserted or an attachment that incorporates by reference the factual matters asserted in the complaint or petition filed with the state agency.

15.  On September 22, 2021, a telephone hearing convened before Administrative Law Judge Rachael Airen with the Dallas office of the State Office of Administrative Hearings

CONFIDENTIAL
Pursuant to Tex. Hum.
Res. Code § 40.005

(SOAH). Petitioner and was represented by attorney Norman Ladd. HHSC appeared through attorney Jennifer Grayson. The record closed on September 22, 2021.

## VI.  CONCLUSIONS OF LAW

1.  HHSC has jurisdiction over this matter. Tex. Hum. Res. Code ch. 42; Tex. Gov't Code § 531.02011(3).

2.  SOAH has jurisdiction over matters related to the hearing in this proceeding, including the authority to issue a decision and order. Tex. Hum. Res. Code § 40.066; Tex. Gov't Code ch. 2003.

3.  The hearing was conducted pursuant to the Administrative Procedure Act, Texas Government Code ch. 2001, and SOAH's rules, 1 Texas Administrative Code (TAC) ch. 155.

4.  Venue was properly established in this matter according to Texas Human Resources Code § 40.066(f).

5.  Proper and timely notice of the hearing was provided to Petitioner. Tex. Gov't Code §§ 2001.051-.052.

6.  HHSC has the burden of proof by a preponderance of the evidence. 1 TAC § 155.427.

7.  HHSC proved, by a preponderance of the evidence, that Petitioner abused a child as "abuse" was defined at the time of the incident. Tex. Fam. Code § 261.001(1)(C).

8.  HHSC failed to prove, by a preponderance of the evidence, that Petitioner neglected a child as "neglect" was defined at the time of the incident. Tex. Fam. Code § 261.001(4)(A)(ii)(a).

9.  Petitioner's name shall be maintained in the DFPS central registry as a person having abused a child.

9.  Petitioner's name shall be removed from the DFPS central registry as a person having neglected a child.

000132

CONFIDENTIAL
Pursuant to Tex. Hum.
Res. Code § 40.005

## ORDER

**IT IS ORDERED** that the finding that Petitioner abused a child is upheld, and her name shall be maintained on the central registry in reference to the abuse finding. **IT IS FURTHER ORDERED** that the finding that Petitioner neglected a child are reversed, and her name shall be removed from the central registry in reference to the neglect findings. As set forth in Texas Government Code § 2001.146, either party may file a written motion for rehearing with the ALJ.

**SIGNED November 22, 2021.**

Rachael Airen
Administrative Law Judge
State Office of Administrative Hearings

000133

# APP. TAB 2

# 07/17/2025 Final Judgment

CAUSE NO. D-1-GN-22-000773

| AMY BAZAN (A/K/A AMY | § | IN THE DISTRICT COURT |
|---|---|---|
| FAIRBANK) | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION | § | |
| *Defendant.* | § | 353RD JUDICIAL DISTRICT |

## FINAL JUDGMENT

On July 17, 2025, the above styled suit came before the Court for a judicial review *and with* merits hearing. Plaintiff, Amy Bazan (a/k/a Amy Fairbank), was present through her counsel, Prema Autry. Defendant, the Texas Health and Human Services Commission (HHSC), was present through its counsel, Assistant Attorney General Ted A. Ross, Office of the Attorney General.

Having considered the administrative record, the parties' briefs, and other relevant material, and having heard the argument of the parties, the Court finds that the HHSC Decision and Order signed on November 22, 2021, which is the subject of the proceeding (HHSC Order), is not supported by substantial evidence.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. The HHSC Order is in all respects REVERSED;

2. If the court deems it necessary, the HHSC Order in all respects is REVERSED and REMANDED;

3. All costs are taxed against Defendant; and

4. All relief not expressly granted herein in DENIED.

1

IT IS ORDERED, ADJUDGED, AND DECREED this ___17___ day of July, 2025.


THE HONORABLE MAYA GUERRA GAMBLE
Judge of the 353rd Judicial District Court
Travis County, Texas


APPROVED AS TO FORM:


___/s/ Prema Autry___
Norman R. Ladd
State Bar No. 24041285
Prema Autry
State Bar No. 24082357
223 S. Bonner Ave.
Tyler, Texas 75702
T: (903) 705-7211
nladd@laddtxlaw.com
pautry@laddtxlaw.com
**ATTORNEYS FOR PLAINTIFF
AMY BAZAN**


Ted A. Ross
Assistant Attorney General
State Bar N. 24008890
Office of the Attorney General of Texas
Administrative Law Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
T: (512) 475-4191
ted.ross@oag.texas.gov
**ATTORNEY FOR DEFENDANT
TEXAS HEALTH AND HUMAN
SERVICES COMMISSION**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeff Lutz on behalf of Ted Ross
Bar No. 24008890
jeff.lutz@oag.texas.gov
Envelope ID: 106496479
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: 2025 1006 Appellant HHSCs Brief
Status as of 10/6/2025 2:51 PM CST

Associated Case Party: Texas Health and Human Services Commission

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 10/6/2025 2:41:05 PM | SENT |
| Ted Ross | | ted.ross@oag.texas.gov | 10/6/2025 2:41:05 PM | SENT |

Associated Case Party: Amy Bazan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cheryl Kuester | | ckuester@laddtxlaw.com | 10/6/2025 2:41:05 PM | SENT |
| Norman Ladd | | nladd@laddtxlaw.com | 10/6/2025 2:41:05 PM | SENT |
| Prema Autry | | pautry@laddtxlaw.com | 10/6/2025 2:41:05 PM | SENT |